## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SPAIN D. BADY,              )
                         )
            Petitioner,     )
                         )       No. 4:22-CV-336-ACL
     v.                 )
                         )
MICHELE BUCKNER,       )
                         )
            Respondent.    )

## MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE

This matter is before the Court upon review of petitioner Spain D. Bady's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Because it appears the petition is time-barred, the Court will order petitioner to show cause why it should not be dismissed.

Petitioner is presently incarcerated at the South Central Correctional Center ("SCCC") in Licking, Missouri. In the instant petition, he challenges the judgment entered in *State v. Bady,* No. 09SL-CR00207 (21st Jud. Cir. 2009). In that case, petitioner pleaded guilty on October 19, 2009 to multiple counts of First Degree Robbery and First Degree Burglary. On January 8, 2010, he was sentenced to serve a total of twenty years' imprisonment. He did not seek direct review, nor did he file a motion for post-conviction relief. On June 15, 2021, petitioner filed a motion in the Circuit Court seeking to alter or set aside his sentence. In a Judgment dated June 21, 2021, the Circuit Court determined it lacked jurisdiction to alter or set aside the sentence, and denied relief.

Petitioner signed the instant petition on March 8, 2022, and declared he placed it in the prison's mailing system on that date. Applying the prison mailbox rule set forth in Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines the instant petition to have been filed on March 8, 2022.

1

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, judgment was final on January 8, 2010, and petitioner had ten days therefrom to file a notice of appeal. *See* Mo. Sup. Ct. R. 30.01(a) and Mo. Sup. Ct. R. 81.04(a). Because petitioner did not seek direct review, judgment became final for purposes of the federal habeas statute on January 19, 2010, the date upon which the time for seeking such review expired.[1] 28 U.S.C. § 2244(d)(1)(A). Petitioner therefore had one year from that date to file a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. However, he did not file the instant petition until March 8, 2022, more than twelve years later. It therefore appears the petition is time-barred, and the Court will order petitioner to show cause why it should not be dismissed as such. *See Day v.*

---

[1] In this case, ten days after final judgment was January 18, 2010, a holiday, so petitioner's final day to file a notice of appeal would have been the following day, January 19, 2010.

*McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before *sua sponte* dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this order**, why his petition should not be dismissed as time-barred.

**Petitioner's failure to timely comply with this order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 23rd day of March, 2022.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

3