# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SPAIN D. BADY, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 4:22-CV-336-ACL |
| v. | ) |
| | ) |
| MICHELE BUCKNER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. For the reasons explained below, petitioner Spain D. Bady's Petition for Writ of Habeas Corpus will be dismissed as time-barred.

Petitioner is a Missouri State prisoner who is proceeding *pro se* and *in forma pauperis*. He filed the instant petition on March 8, 2022 to challenge a state-court judgment entered in *State v. Bady,* No. 09SL-CR00207 (21st Jud. Cir. 2009). As fully explained in the Court's March 23, 2022 order, petitioner filed the petition well after the expiration of the one-year limitations period applicable to petitions filed pursuant to § 2254, and petitioner was directed to show cause why the petition should not be dismissed as untimely. Petitioner was cautioned that his failure to timely comply would result in the dismissal of the petition, without prejudice and without further notice. Petitioner's response to the Court was due on April 22, 2022, but to date, he has neither responded to the Court's order, nor sought additional time to do so.

After careful consideration, the Court has concluded that the petition is time-barred, and petitioner has failed to show cause why the petition should not be dismissed as such. The Court will therefore summarily dismiss the petition at this time pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which requires this Court to

summarily dismiss a § 2254 petition if it plainly appears the petitioner is not entitled to relief. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (a district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 6th day of May, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE